UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80188-CIV-COHN/SELTZER

JUAN MIGUEL PENALVER,

    Plaintiff,
v.

NORTHERN ELECTRIC, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff Juan Miguel Penalver's Motion to Remand to State Court [DE 8] ("Motion to Remand"). The Court has considered the Motion to Remand, Defendant Northern Electric, Inc.'s Response [DE 13], and the record in this case, and is otherwise advised in the premises.[1]

### I. BACKGROUND

On January 25, 2012, Plaintiff brought this action in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida. Complaint [DE 1-1]. The Complaint brings one count for violation of the Florida Civil Rights Act, Fla. Stat. § 760.01, ("FCRA") based on discrimination and harassment that Plaintiff allegedly experienced during his employment with Defendant. See id. ¶¶ 10-18. Defendant was served on January 28, 2012. Summons [DE 1-2]; Notice of Removal [DE 1] ¶ 2. Thereafter, on February 17, 2012, Defendant removed the action to this Court based on diversity jurisdiction. See Notice of Removal ¶¶ 4-6. On February 29, 2012, Plaintiff filed his Motion to Remand based on lack of subject matter jurisdiction.

---

[1] Plaintiff did not file a Reply, and the time for doing so has passed.

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008).  Federal subject matter jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-1332.  The instant case does not involve a question of federal law.  Accordingly, the Court may hear the case only if diversity jurisdiction exists.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994) (diversity jurisdiction requires complete diversity); Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993) ("[O]ne means by which Congress has sought to limit access to federal courts in diversity cases is the amount-in-controversy requirement.").  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994).  There is no dispute that complete diversity exists in this case.  See Notice of Removal ¶ 5 (stating Plaintiff is a citizen of Florida and Defendant is a citizen of Colorado); see also Mot. at 2 n.1 ("Plaintiff does not dispute that the citizenship of the parties in this case is diverse.").  The only dispute is whether the amount in controversy exceeds $75,000.

The party seeking to litigate in federal court bears the burden of establishing jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Where a plaintiff has not pled a specific amount of damages, the removing defendant

must establish the amount in controversy by a preponderance of the evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). A defendant may allege removability that is apparent from the face of the complaint, in which case the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. Roe v. Michelin N. Am., Inc., 613 F.3d 1058 (11th Cir. 2010). District courts must make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleading to determine whether it is facially apparent that a case is removable." Id. (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010)). A defendant may introduce its own affidavits, declarations or other documentation to meet its burden, Pretka, 608 F.3d at 755, but such evidence is permissible to consider only if the facts alleged existed at the time of removal, Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). Further, a district court may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal. See Roe, 613 F.3d at 1063.

Here, Plaintiff has made an unspecified demand for damages. See Compl. ¶ 2 ("Plaintiff seeks damages in excess of $15,000.00, exclusive of interest, costs and attorney's fees."). Thus, Defendant bears the burden of establishing that the amount in controversy exceeds $75,000 by a preponderance of the evidence. See Williams, 269 F.3d at 1319. In an effort to meet this burden, Defendant estimates the total amount of Plaintiff's potential damages at stake in his FCRA claim, including back pay, front pay, compensatory damages, and punitive damages, and Plaintiff's potential attorney's fees. See Resp. As explained below, taking into account each of these factors, the Court

3

finds that Defendant has met its burden to show that, more likely than not, the amount in controversy exceeds $75,000.

First, for purposes of the amount in controversy requirement, back pay should be calculated from the date of the adverse employment action until the date of trial, less any mitigation.  See Fusco v. Victoria's Secret Stores, LLC, 06 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011); Deel v. Metromedia Rest. Servs., Inc., No. 3:05CV120/MCR, 2006 WL 481667, at *3 (N.D. Fla. Feb. 27, 2006); see also Destel v. McRoberts Protective Agency, Inc., No. 03–62067–Civ, 2004 WL 746293, at *4 n.3 (S.D. Fla. Feb. 17, 2004). The Complaint alleges that Plaintiff was terminated on August 27, 2010, Compl. ¶ 7, at which time, he was earning $20 per hour, see Payroll Records [DE 13-2].  Calculating Plaintiff's potential back pay damages from August 27, 2010, Defendant estimates the back pay damages to equal $64,000 as of February 17, 2012, the date of removal. Mot. at 5.  Extending this calculation to December 3, 2012, the first possible trial date for this case according to the Scheduling Order [DE 9], Defendant calculates Plaintiff's back pay damages to equal up to $92,800.  Mot. at 6.   In Plaintiff's Rule 26(a) disclosures, he agreed that he was earning $20 per hour, or $800 per week.  See Plaintiff's Rule 26(a)(1) Initial Disclosures [DE 13-1] ¶ (C).  He noted, however, that he had earned $5,120 in temporary employment since his termination.  Id.  Even subtracting this amount from the $92,800 figure, the resulting $87,680 exceeds the threshold jurisdictional amount.  This amount alone is sufficient to show that this Court has jurisdiction.  However, Defendant goes on to show that the amounts of the other claimed damages bring the amount in controversy well over the jurisdictional amount.

Second, front pay is a form of equitable relief awarded to an FCRA plaintiff in lieu

of, or until, reinstatement.  Brown v. Am. Express Co., 09-61758-CIV, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10, 2010).  The value of such equitable relief "for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff[ ] if the [requested relief] were granted."  Leonard v. Enter. Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002).  Defendant asserts that "[i]n the event that the Plaintiff can show that reinstatement is not feasible and this Court considers the issue of front pay, an award of one or two years of front pay[ is] not uncommon in employment discrimination cases."  Resp. at 6 (citing various case law affirming awards of front pay of one year or more).  Defendant calculates that if Plaintiff receives one year of front pay at only 40 hours per week, the front pay damages would amount to $41,600.  Id. at 7.  Two years of front pay damages would amount to $83,200.  Id.  Despite the opportunity to do so, Plaintiff has not submitted a Reply to refute any of Defendant's arguments relating to the front pay damages.

Third, the FCRA allows for an award of compensatory damages "including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages."  Fla. Stat. § 760.11(5).  There is no statutory limitation on a compensatory damages award under the FCRA.  See id. ("The provisions of §§ 768.72 and 768.73 do not apply to this section.").  Defendant cites case law regarding claims comparable to Plaintiff's claim in which plaintiffs were awarded $75,000, $150,000, or $457,000 in compensatory damages.  Resp. at 7-8 (citing Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340 (11th Cir. 2000) (affirming $150,000 compensatory damages award), Bernstein v. Sephora, 182 F. Supp. 2d 1214 (S.D. Fla. 2002) (granting $75,000 compensatory damages award), and Hill v. Xerox Corp., 998 F.

5

Supp. 1378 (N.D. Fla. 1998) (upholding $457,000 jury award of compensatory damages)).  Once again, despite the opportunity to do so, Plaintiff has not asserted any arguments or evidence to refute Defendant's arguments or estimates relating to compensatory damages.

Fourth, the FCRA permits an award of punitive damages up to $100,000.  Fla. Stat. § 760.11(5).  Defendant cites decisions from other employment discrimination and harassment cases awarding significant punitive damages awards.  Resp. at 8-9 (citing Ansari v. Ray & Claude Goodwin, Inc., Case No. 3:98-cv-01052-HES (M.D. Fla. May 1, 2000) (upholding $105,000 jury award of compensatory and punitive damages), Hertzbere v. SRAM Corp., 261 F.3d 651, 657 (7th Cir. 2001) (upholding $20,000 punitive damages award), and Ogden v. Wax Works, Inc., 214 F.3d 999, 1003 (8th Cir. 2000) (affirming $260,000 punitive damages award)).  Defendant asserts, "It would be axiomatic that any award of punitive damages against the Defendant would be greater than $75,000.00," id. at 9, but "[e]ven assuming that the singular award of punitive damages did not exceed the jurisdictional amount, the coupling of the potential punitive damages with the Plaintiff's back pay and front pay clearly lends itself to the conclusion that the Plaintiff's Complaint facially states a claim that exceeds $75,000.00," id.  Again, Plaintiff submits no arguments disputing Defendant's case law or estimates regarding the punitive damages award.

Finally, the FCRA provides that the prevailing party may be entitled to attorney's fees at the Court's discretion.  See Fla. Stat. § 760.11(5).  When a statute authorizes a court to award attorney's fees to a prevailing party, the amount in controversy includes consideration of the amount of those fees.  Morrison v. Allstate Indem. Co., 228 F.3d

1255, 1265 (11th Cir. 2000) (citing Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir. 2000)); see also Mo. State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933). Plaintiff's Complaint includes a claim for attorney's fees. Compl. ¶ 18(c). Therefore, a reasonable amount of attorney's fees is part of the amount of controversy in this case.

The aggregate amount of the estimated back pay, front pay, compensatory damages, punitive damages, and attorney's fees demonstrates that it is more likely than not that the amount in controversy exceeds $75,000. Therefore, diversity jurisdiction exists, and the Court will deny the Motion to Remand.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand to State Court [DE 8] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 17th day of April, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF